UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NORMAN A. LANIER., | |
|     Plaintiff, | |
| v. | Case No. 3:21-cv-1413-JPG |
| DAIMLER TRUCKS NORTH AMERICA, LLC., | |
|     Defendant. | |

**MEMORANDUM AND ORDER**

**I.    Introduction**

This matter comes before the Court on Defendant Daimler Truck North America, LLC ("DTNA" or Defendant) Motion to Dismiss Plaintiff Norman A. Lanier ("Plaintiff" or "Lanier") (Doc. 9). Plaintiff later filed a First Amended Complaint ("Amended Complaint") (Doc. 15) and a response in opposition to Defendant's Motion to Dismiss (Doc. 19).

**II.    Background**

This is a products liability action where Plaintiff is a commercial truck driver employed by Shaw Transport. Plaintiff was driving with his driving partner Lonna R. Lanier on November 11, 2019. Compl. at ¶¶ 11-12.[1] At about 5 a.m., Plaintiff was in the sleeper compartment of the Freightliner. *Id.* at ¶¶ 13-15. The automatic braking system suddenly engaged while on the ice, which caused the Freightliner to overturn. *Id.* at ¶ 16.

DTNA is the manufacturer of the Freightliner. *Id.* at ¶ 20. Plaintiff alleges that the Freightliner contained defects in the automatic braking system in that it "could suddenly engage

---

[1] Hereafter, all references to the complaint ("Compl.") will refer to the Amended Complaint.

1

in icy conditions without the choice of the driver and without warning." *Id*. at ¶ 23. Specifically, Plaintiffs state that the "slow release timing" caused the brakes to "veer towards one side upon automatic engagement." *Id*. at ¶ 24. Plaintiff alleges this ultimately caused Plaintiff's injuries. *Id*.

### III.   Law and Analysis

Defendant filed a motion to dismiss Plaintiff's Complaint (Doc. 1). However, Plaintiff subsequently filed an Amended Complaint (Doc. 15).

According to Rule 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed.R.Civ.P. 15(a). Since Defendant's first Motion to Dismiss was not a responsive pleading, the First Amended Complaint was filed as a matter of right. *See Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101, 1111 (7th Cir.1984) ("It is well settled in this circuit that a motion to dismiss is not a 'responsive pleading' within the meaning of Rule 15(a).").

This does not render the motion to dismiss moot. Courts have considered motions to dismiss directed to previous versions of complaints when assessing whether to accept subsequent amended complaints. *See, e.g., Glick v. Koenig*, 766 F.2d 265, 268-69 (7th Cir. 1985); *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992); *Cabrera v. World's Finest Chocolate, Inc*., No. 04 C 0413, 2004 WL 1535850, at *1 n. 3 (N.D.Ill. July 7, 2004) (stating that an "original motion to dismiss, although aimed at the first complaint, shall stand as to any alleged defects in the complaint that have survived the amendment"). Thus, this Court will consider this motion to dismiss in light of the subsequent Amended Complaint.

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc*., 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.

8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). The plaintiff "must do more in the complaint than simply recite the elements of a claim." *Zellner v. Herrick*, 639 F.3d 371, 378 (7th Cir. 2011). Complaints that offer "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

Plaintiff alleges two counts – strict products liability and negligence claim based on design defect, manufacturing defect, and failure-to-warn theories. Throughout the Amended Complaint, the Court is unclear what theory Plaintiff is alleging. Additionally, Plaintiff's response does not clarify its theory of the case. The Court therefore will analyze the sufficiency of Plaintiff's Amended Complaint under the available legal theories.

### a. Strict Product Liability

To prevail under a theory of strict product liability under Illinois law, a plaintiff must prove: "[1] the injury resulted from a condition of the product, [2] that the condition was unreasonably dangerous, and [3] that the condition existed at the time the product left the manufacturer's control." *Faucett v. Ingersoll–Rand Min. & Machinery Co.*, 960 F.2d 653, 655 (7th Cir. 1992); *Smith v. Boehringer Ingelheim Pharms., Inc.*, 886 F. Supp. 2d 911, 925-26 (S.D. Ill. 2012). A plaintiff may prove a product is unreasonably dangerous by showing either "a physical defect in the product itself, a defect in the product's design, or a failure of the manufacturer to warn of the danger or to instruct on the proper use of the product." *Perkins v. Johnson & Johnson & Ethicon, Inc.*, No. 20-CV-3267, 2021 WL 6118241, at *3 (C.D. Ill. Dec. 27, 2021).

The first question is what type of theory Plaintiff is proceeding under strict products liability – manufacturing defect, design defect, or failure-to-warn. A manufacturing defect requires allegations that a plaintiff allege facts which would establish a particular product contained a manufacturing defect which differentiated it from other products in the same line.[2] Defendant argues that "no allegations are included or attempted that the Subject Frontliner or its automatic braking system somehow deviated from its intended design." The Court agrees. Both Plaintiff's original complaint and Amended Complaint do not sufficiently allege Defendant deviated from its intended design, rendering the product unreasonably dangerous. To the extent Plaintiff's Amended Complaint alleges a cause of action for strict products liability under a theory for a manufacturing defect, that claim is dismissed. The Court will consider the

---

[2] A manufacturing defect "occurs when one unit in a product line is defective, whereas a design defect occurs when the specific unit conforms to the intended design but the intended design itself renders the product unreasonably dangerous." *Hakim v. Safariland*, LLC, 410 F. Supp. 3d 862, 868–69 (N.D. Ill. 2019).

sufficiency of Plaintiff's Amended Complaint under a design defect claim or a failure-to-warn claim.[3]

Plaintiff adequately alleges that the injury resulted from defective subject Freightliner caused Plaintiff's damages. Compl. at ¶ 28. Additionally, Plaintiff also alleges the Freightliner was in "essentially the same condition as when it left the control of DTNA." *Id*. at ¶ 26. The issue is whether or not Plaintiff has alleged the second element; whether or not the condition was "unreasonably dangerous."

Under a design defect theory, a plaintiff can either "(1) ... introduc [e] evidence that the product failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner (known as the "consumer expectation" test) or (2) ... introduc[e] evidence that the product's design proximately caused his injury and the defendant fails to prove that on balance the benefits of the challenged design outweigh the risk of danger inherent in such designs." (known as the "risk-utility" test). *Sellers v. Boehringer Ingelheim Pharms., Inc*., 881 F. Supp. 2d 992, 1007 (S.D. Ill. 2012) (internal citations omitted).

Defendant argues that Plaintiff's only allegation to prove its product liability case is that it "suddenly engage[d] in icy conditions without the choice of the driver and without warning." Compl. at ¶ 22. However, Plaintiff's Amended Complaint contains additional allegations to support its assertion, such as routine and expected chemical erosion affected the functionality of the broke valve and caused the brake to veer towards one side automatically. *Id*. at ¶¶ 23-24. Defendant argues that this Court can engage in common sense, and that "[i]t is common sense that an automatic braking system may engage automatically." (Doc. 9 at 5). In light of the

---

[3] Additionally, Plaintiff's Amended Complaint states Defendant failed to exercise ordinary care in the "manufacture, design, testing and marketing" of the Freightliner. Compl. at ¶ 12. Failure to test is not a tort. *Patton v. Country Place Condo Ass'n*, No. 4-00-0008, 2000 WL 33728374, at *4 (Ill. App. Ct. July 7, 2000). The Court is unclear what a "failure to market" is and does not find it to be an independent tort.

additional allegations Plaintiff alleges and the directive that this Court give all reasonable inferences in favor of the Plaintiff, the Court disagrees that this case can be dismissed pursuant to "common sense."

Next, Defendant argues that Plaintiff does not address dangerous conditions of the automatic braking system. (Doc. 9 at 6). The Court agrees to the application of this argument to Plaintiff's original complaint, but Plaintiff's Amended Complaint sets forth additional clams regarding the "condition" of the automatic braking system that rendered it allegedly defective and unreasonably dangerous. *See* Compl. at ¶¶ 22-24.

Next, Defendant argues that Plaintiff's complaint provides no information regarding the Freightliner, such as what braking system DTNA had, the model year or vehicle identification number of the vehicle. (Doc. 9 at 6). Plaintiff included additional identifiable information in its Amended Complaint. Compl. at ¶ 12 ("2017 Freightliner Cascadia semi-tractor truck"). Plaintiff's Amended Complaint provides Defendant enough information to put Defendant on notice of the claim and the basis of the claim. "The *Twombly* plausibility standard ... does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant." *Cothron v. White Castle Sys., Inc.*, 467 F. Supp. 3d 604, 618 (N.D. Ill. 2020) (internal citations omitted).

Next, Defendant argues that Plaintiff does not provide enough allegations regarding its "failure to warn." (Doc. 9 at 7). In a strict liability case based on a failure to warn in Illinois, the plaintiff must allege and prove that the defendant knew or should have known of the danger. *Giles v. Wyeth, Inc.*, 556 F.3d 596, 600 (7th Cir.2009) (quoting *Smith v. Eli Lilly & Co.*, 137 Ill.2d 222, 148 Ill.Dec. 22, 560 N.E.2d 324, 344 (Ill.1990)); *Sellers v. Boehringer Ingelheim Pharms., Inc.*, 881 F. Supp. 2d 992, 1007 (S.D. Ill. 2012).

Plaintiff alleges that Defendant failed to provide adequate warning the automatic braking system could engage in in icy conditions without warning the operator. Compl. at ¶ 32. Additionally, Plaintiff alleges that the Freightliner was defective, and it could suddenly engage in icy conditions "without warning." *Id*. at ¶ 22. Plaintiff alleges the "danger of personal injury and death" were reasonably foreseeable to Defendant. *Id*. ¶ 25. at The Court finds the additional allegations Plaintiff makes in its Amended Complaint are sufficient to pass through the liberal pleading stage.

The Court finds that Plaintiff has adequately pled strict products liability claim under either a design defect theory or failure to warn theory. Plaintiff has not alleged a strict products liability claim under a manufacturing defect theory.

### b. Negligence

"The key distinction between a negligence claim and a strict liability claim lies in the concept of fault." *Calles v. Scripto-Tokai Corp*., 224 Ill.2d 247, 309 Ill.Dec. 383, 864 N.E.2d 249, 263 (2007). In a strict liability claim, the focus is on the condition of the product. *Id*. In a negligence claim, however, "a defendant's fault is at issue in addition to the condition of the product." *Id*. at 264, 864 N.E.2d at 256.

To prove product liability based on negligence in Illinois, a plaintiff must allege facts that establish "the existence of a duty of care owed by the defendant, a breach of that duty, an injury that was proximately caused by that breach, and damages." *Calles v. Scripto-Tokai Corp*., 224 Ill.2d 247, 263 (Ill. 2007). In addition to the issue of the product's condition, "[t]he crucial question in a negligent-design case is whether the manufacturer exercised reasonable care in the design of the product." *Id*. at 263–64. So, to state a claim of negligent design, Plaintiff must plead facts alleging fault in addition to the elements of defective design. *Id*. at 263-64; *Perkins v.*

*Johnson & Johnson & Ethicon, Inc.*, No. 20-CV-3267, 2021 WL 6118241, at *4 (C.D. Ill. 2021).

As discussed above, Plaintiff has adequately pleaded facts alleging defective design in strict liability in Illinois law. Additionally, Plaintiff has sufficiently pled allegations of fault in addition to the elements of a defective design. Plaintiff alleges Defendant "knew or should have known that crashes due to the automatic braking defects would occur to vehicles it designed, tested, manufactured, and sold." Compl. at ¶ 31.

While the sentence introducing the negligence claim does not name "failure to warn" as a potential failure that amounts to negligence, Compl. at ¶ 32, 32(a) names failure to provide an adequate warning as an alleged failure. The Court finds Plaintiff has sufficiently alleged negligence. *See McMahon v. Eli Lilly & Co.*, 774 F.2d 830, 837 n.2 (7th Cir. 1985) ("The elements of negligent failure to warn are very similar to those of failure to warn in strict liability."); *see also In re Depakote*, 2015 WL 4776093, at *3 (S.D. Ill. Feb. 14, 2015) (analyzing strict liability and negligence theories of failure to warn together).

Put together, the allegations set forth in Plaintiff's negligence claims adequately "reasonable inference that the defendant is liable for the misconduct alleged," namely, that Defendants did not exercise reasonable care in failing to provide adequate warning of the defects in the automatic braking system, failing to provide adequate sensing technology (and other safeguards), and failing to properly manufacture the Freightliner so as to mitigate the risk ordinary chemical corrosion could render the braking system hazardous. *Iqbal*, 556 U.S. at 678.

The Court DENIES Defendant's Motion to Dismiss Plaintiff's Negligence Claims.

**IV.   Conclusion**

For these reasons, the Court hereby GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss (Doc. 9). To the extent Plaintiff's Amended Complaint alleges a

strict products liability claim based on a manufacturing defect, the Court GRANTS Defendant's Motion to Dismiss. All other claims can move forward.

**IT IS SO ORDERED.**
**DATED:  August 1, 2022**

                                             **/s/   J. Phil Gilbert**
                                             **J. PHIL GILBERT**
                                             **U.S. DISTRICT JUDGE**